JiCOOKS, Judge.
The question presented by this appeal is whether an amended petition substituting a different plaintiff relates back to the date of the filing of the original petition. If so, the new plaintiffs’ claims are not prescribed.
FACTS
On August 27,1992, a petition for damages was filed by Andrew Allison and LYNCO, an *886 alleged Louisiana Corporation domiciled in Lafayette, claiming unfair trade practices, conversion, and other tortious acts. Named as defendants were the City of Lafayette and Griffin Industries. It was alleged in the petition that the tortious acts complained of occurred during August, September, and October of 1991. Both defendants answered the petition in October of 1992.
During discovery, it was determined Andrew Allison (prior to the alleged tortious acts and practices) formed a Texas corporation by the name of [gAHison Truck Service, Inc. and applied to do business in the State of Louisiana, d/b/a LYNCO. The defendants subsequently filed a Motion for Summary Judgment seeking dismissal of all claims of “LYNCO,” arguing LYNCO was not a registered corporation in Louisiana, and thus had no capacity to file suit. Andrew Allison then filed a First Supplemental and Amending Petition seeking to amend his original petition to name as plaintiff “Allison Truck Service, Inc. d/b/a LYNCO.” Despite this filing, the Motion for Summary Judgment was granted dismissing any claims of LYNCO because it was not a corporation and thus not a legal entity. Defendants then filed an exception of prescription asserting the claims of Allison Truck Service, Inc., d/b/a LYNCO were prescribed because they were asserted untimely. The trial court granted the exception, and this appeal followed.
ANALYSIS
The sole issue presented on appeal is whether the First Supplemental and Amending Petition relates back to the original petition and therefore interrupts prescription. The leading case discussing this issue is Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985). In Giroir the Louisiana Supreme Court expressed:
“Accordingly, an amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.”
Accordingly, as Giroir instructs and the record reveals, defendants 1 .^received fair and timely notice of the claims against them. The amended claims arise out of the same conduct, transaction, or occurrence set forth in the original petition. The First Supplemental and Amending Petition did not change any of the factual allegations. The original petition was sufficient to provide notice to defendants that claims were levied against them for unfair trade practices, conversion and other tortious acts by Andrew Allison. The fact that the corporation was erroneously named is not in our view unduly prejudicial to defendants in the preparation of their defense. See Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1 Cir.1992). Therefore, we conclude the First Supplemental and Amending Petition related back to the date of the original petition and thereby interrupted prescription.
DECREE
For the foregoing reasons, the judgment of the trial court maintaining defendants’ exception of prescription is reversed. All costs of this appeal are assessed against defendants.
REVERSED.
KNOLL, J., dissents and assigns reasons.
DECUIR, J., dissents for reasons assigned by KNOLL, J.